# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICAH JAMES WAYBENAIS,<br><br>Defendant. | Criminal No. 12-244 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Clifford B. Wardlaw, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 404 United States Courthouse, 316 North Robert Street, St. Paul, MN 55101, for plaintiff.

Manny K. Atwal, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for defendant.

The United States filed an indictment against Defendant Micah James Waybenais, charging him with three counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a). Waybenais brought a motion to suppress statements he made to Special Agent Matthew A. Zavala of the Federal Bureau of Investigation ("FBI") on September 25, 2012. On March 15, 2013, United States Magistrate Judge Leo I. Brisbois issued a report and recommendation ("R&R") recommending the denial of this motion. Waybenais filed objections to the R&R. Having conducted a *de novo* review of the R&R, *see* 28 U.S.C. § 636(b)(1), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court will overrule Waybenais's objections and adopt the R&R.

25

# BACKGROUND[1]

On September 11, 2012, Zavala was called to the Red Lake Indian Reservation, where Waybenais had been taken into custody by Red Lake Tribal Police on suspicion of assault. Zavala attempted to interview Waybenais, but Waybenais declined.

On September 25, 2012, Zavala and two other FBI agents were dispatched to the Red Lake Indian Reservation with a federal warrant to arrest Waybenais and to transport him from the Red Lake jail to the Beltrami County jail. Zavala explained to Waybenais that they were taking him into custody on a federal assault charge and transporting him to Bemidji, Minnesota, to appear before a United States magistrate judge.

The drive to Bemidji took approximately thirty to forty minutes, during which Zavala sat in the back seat with Waybenais. Waybenais wore handcuffs and ankle shackles. Zavala described Waybenais as somewhat upbeat, easygoing, not distraught, awake, coherent, and able to converse. Zavala further stated that Waybenais did not appear to be under the influence of drugs or alcohol and appeared physically normal.

Zavala testified that he made only casual conversation with Waybenais about matters unrelated to the charges against him, and that he "purposely did not ask him any questions that had anything to do with the assault."[2] Zavala claims that he did not interview Waybenais about the assault because he had already attempted to interview him on September 11 and because he did not think that additional evidence was necessary.

---

[1] The facts in this section are drawn from Zavala's testimony at a March 12, 2013, hearing before the Magistrate Judge.

[2] For this specific language, the Court cites to the digital record time stamp 10:51 a.m., because a transcript of the hearing is not available at this time.

Zavala instead asked Waybenais about matters such as how he was doing and growing up on the reservation and otherwise engaged in "very superficial conversation."[3] According to Zavala, the statements that Waybenais made relevant to the assaults were utterances that Waybenais blurted out on his own.[4] Even after Waybenais made these utterances, Zavala testified that he did not question Waybenais about them.

## ANALYSIS

A person in police custody must receive *Miranda* warnings before being subject to interrogation. *United States v. Head*, 407 F.3d 925, 928 (8th Cir. 2005). Interrogation is defined as "express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). This standard encompasses officers' words or actions, other than those normally incident to custody, which they should know are reasonably likely to result in an incriminating response. *Id.* When a suspect in custody makes spontaneous statements to an officer, no interrogation can be imputed to the officer. *United States v. Hayes*, 120 F.3d 739, 744 (8th Cir. 1997) ("*Miranda* does not protect an accused from a spontaneous admission made under circumstances not induced by the investigating officers or during a conversation not initiated by the officers." (internal quotation marks omitted)). Additionally, an officer need not give *Miranda* warnings prior to engaging in polite conversation with a suspect, as long as the officer does not steer the conversation toward potentially incriminating topics and is not otherwise engaging in conduct that is

---

[3] *Id.* at 10:54 a.m.

[4] The precise content of these statements is unclear, but they apparently involved Waybenais's use of drugs and alcohol before the assaults and his willingness to take responsibility for his actions.

reasonably likely to result in an incriminating response. *See, e.g.*, *United States v. Tail*, 459 F.3d 854, 858 (8th Cir. 2006).

There is no dispute that Waybenais was in custody at the time of the statements at issue, and the Court finds that he was in custody. The question is thus whether Zavala should have known his interactions with Waybenais were reasonably likely to elicit an incriminating response. The Court finds that this standard has not been met. "Polite conversation is not the functional equivalent of interrogation." *Id.* As the Magistrate Judge thoroughly explained, the questions posed by Zavala were akin to polite conversation and did not involve the crimes of which Zavala was accused. *See id.* The Court thus concludes that Waybenais's statements relevant to the crime were voluntary, and not the product of an interrogation or its functional equivalent, and that there was no *Miranda* violation. Accordingly, the Court will deny Waybenais's motion to suppress his September 25, 2012, statements.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Waybenais's objections [Docket No. 37] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated March 15, 2013 [Docket No. 35]. Accordingly, **IT IS HEREBY ORDERED** that Waybenais's Motion to Suppress Statements, Admissions and Answers [Docket No. 23] is **DENIED**.

DATED: May 6, 2013                          s/ John R. Tunheim
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                                  United States District Judge